UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81283-BLOOM/Reinhart

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

GEORGE'S PAINT & HARDWARE, INC.,

    Defendant.

_____/

### ORDER ON AMENDED MOTION TO VACATE DEFAULT, SET ASIDE FINAL JUDGMENT, AND DISGORGE EXECUTION RECOVERY

**THIS CAUSE** is before the Court upon Defendant George's Paint & Hardware, Inc.'s ("Defendant's") Amended Motion to Vacate Default, Set Aside Final Judgment, and Disgorge Execution Recovery, ECF No. [26] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing submissions, and the record in this case, and is otherwise fully advised. For the reasons set forth below, the Court denies the Motion.

**I.  BACKGROUND**

Plaintiff Howard Michael Caplan ("Plaintiff") filed a Complaint on September 20, 2018, ECF No. [1]. Plaintiff thereafter effectuated service upon the Defendant and filed proof of service with the Court on November 27, 2018, ECF No. [8]. The Return of Service indicates that the process server effectuated service upon Defendant by serving "Josh Bailey" at "4616 S. Dixie Hwy, West Palm Beach, FL 33405." *Id.* Defendant never appeared before the Court or filed an Answer. On January 14, 2019, upon Plaintiff's appropriately filed motion for entry of default judgment, the Court entered a Final Default Judgment against Defendant. ECF No. [19]. In the Default Judgment Order, the Court found Defendant to have violated the Americans with

Disabilities Act ("ADA"), ordered Defendant to correct violations of the ADA at its hardware store located at 4616 S. Dixie Hwy, West Palm Beach, FL 33405, awarded $10,525.40 in attorney's fees, and closed the case. *See id.*

Thereafter, on February 22, 2019, the Parties agreed to a Settlement in Lieu of Levy. ECF No. [26-1] ("Settlement Agreement"). That same day, Plaintiff filed a Satisfaction of Attorney's Fees and Costs of the Final Judgment. ECF No. [24]. Also on that same day, Defendant filed a Motion to Vacate Default and Set Aside Final Judgment. ECF Nos. [22], [23]. Defendant filed the Amended Motion to Vacate on March 1, 2019. ECF No. [26]. Plaintiff's Response, and Defendants' Reply, timely followed. ECF Nos. [31], [34].

Defendant requests that the Court vacate the default entered against Defendant, set aside the Final Default Judgment, void the Settlement Agreement, and require Plaintiff to disgorge the execution recovery. Defendant argues that service was defective, that Florida Bar violations void the Settlement Agreement and subsequent satisfaction, and that Plaintiff improperly extracted excess funds in the Settlement Agreement. Plaintiff responds that Defendant was properly served, Defendant entered into a valid settlement agreement, and satisfaction of the judgment precludes defendant from subsequently moving to vacate.

## II.   LEGAL STANDARD

Defendant moves to vacate the Default Final Judgment under Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) requires relief from a final judgment if a court finds a judgment void. "When evaluating a Rule 60(b)(4) motion, the district court possesses no discretion: the judgment is either void or it is not." *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805 (11th Cir. 2015). "The remedy for a void judgment or order is similarly limited—the only relief available is for the court to set it aside. Generally, a judgment is void under Rule 60(b)(4) if the court that rendered

it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *Id.* (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)). "The burden of proof in a Rule 60(b)(4) motion rests with the defendant." *Id.*

### III.   DISCUSSION

#### A.  Rule 60(b)(4)

The gravamen of this dispute regards service of process.  Plaintiff allegedly effectuated service on Defendant by serving Josh Bailey, a salesman for Defendant.  This Court's jurisdiction over Defendant, therefore, depends on whether Plaintiff properly served a corporation by serving its employee.

With regard to service of process upon corporations, the Federal Rules of Civil Procedure provide in relevant part:

> service upon a domestic or foreign corporation [ ] from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h). Federal Rule of Civil Procedure Rule 4(e)(1) generally covers service of process upon individuals, but is incorporated with regard to service of corporations by Fed. R. Civ. P. 4(h).  Rule 4(e)(1) provides that service be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of summons upon the defendant in any action brought in the courts of general jurisdiction of the State."  Florida is the state in which the district court is located and in which Plaintiff asserts service was effectuated.

3

Therefore, service of process on Defendant is proper if executed based on either the law of Florida or applicable provisions of Federal Rule of Civil Procedure Rule 4.

With regard to service of process upon corporations, Florida state law provides that:

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state....

(3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under § 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

Fla. Stat. § 48.081.  Florida Statutes § 48.091, in turn, requires every corporation to designate a registered agent and registered office, keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and keep one or more registered agents on whom process may be served at the office during these hours.  That section further requires that the corporation keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Plaintiff contends that service is valid under § 48.081(3).  That section permits service "on any employee at the corporation's principal place of business or on any employee of the registered agent" if service cannot be made on a registered agent because of failure to comply with § 48.091.  Statutes governing service of process should be strictly construed, and valid service on a domestic corporation may only be effected by complying with such statutes.  *See A-*

4

*One Dahill Moving & Storage, Co. v. American Ins. Co.,* 436 So.2d 424 (Fla. 4th DCA 1983); *Carlon, Inc. v. Lindy's of Omni, Inc.,* 408 So.2d 243 (Fla. 4th DCA 1981).  Absent strict compliance, the court lacks personal jurisdiction over the defendant corporation.  *See Florida Med. Ass'n, v. Spires,* 153 So.2d 756, 758 (Fla. 1st DCA 1963).

The Court begins by examining the process server's Return of Service to determine if it is regular on its face. See ECF No. [8]. The Return of Service reflects that on November 15, 2018 at 2:48 p.m. the process server delivered a true and correct copy of the Summons and Complaint to Josh Bailey, a salesman for George's Pain & Hardware, Inc. at the address of 4616 S. Dixie Hwy., West Palm Beach, FL 33405.  The Return of Service does not set forth a factual basis for concluding that substitute service was effective under state law.  S*ee Paris v. Protection Consultants, Inc.,* No. 6:09–CV–1474ORL28DAB, 2009 WL 3817605, at *2 (M.D. Fla. Nov. 16, 2009) ("While some manner of substitute service is available under state law (if, for example, service cannot be made on a registered agent because of failure to comply with Fla. Stat. § 48.091), it is incumbent on the process server to set forth a factual basis for concluding that the unorthodox service was, indeed, effective under state law.").  The Return of Service neither states that the process server first attempted to serve the registered agent nor that the registered agent was absent.  Accordingly, the Return of Service is not regular on its face.

In its Response, Plaintiff submitted a declaration by the process server regarding the process server's efforts to serve Defendant.  ECF No. [31-1].  Two separate attempts were made to serve Defendant's registered agent, Ms. Spring, between the hours of 10 a.m. to 12 p.m. at the address of 4616 S. Dixie Highway, West Palm Beach, Florida 33405.  *Id.* ¶¶ 5, 9.  Ms. Spring was not present during either attempt.  *Id.*  Additionally, the process server saw no sign posted at the location designating the name of the corporation and name of its registered agent on whom process

5

may be served. *Id.* ¶ 7. As a result, the process server served Josh Bailey, an employee at Defendant's principal place of business. *Id.* ¶ 8.

Plaintiff has not submitted any evidence to rebut the facts set forth in the process server's declaration. The Court must accept the facts set forth in the declaration as true. Accepting the facts set forth in the declaration as true, Defendant has failed to comply with § 48.091 by failing to keep a registered agent at the office on whom process may be served and by failing to keep a sign posted at the office designating the name of the corporation and the name of its registered agent on whom process may be served. Plaintiff has established that service could not be made on a registered agent because of Defendant's failures. Thus, service of process was properly effectuated pursuant to § 48.081(3) on an employee at Defendant's principal place of business. Accordingly, Defendant has failed to satisfy its burden to demonstrate that the Final Default Judgment is void.

### B. Settlement Agreement and Satisfaction

Defendant argues that alleged Florida Bar violations render the Settlement Agreement and subsequent satisfaction void and that Plaintiff improperly extracted from Defendant a sum greater than the Final Judgment and execution costs. The Court is unpersuaded by Defendant's arguments.

First, there is nothing in the record to reflect that Defendant was represented by counsel at the time the Settlement Agreement was negotiated. Moreover, Defendant has not provided any authority to support its claim that a Florida Bar violation would render a settlement agreement and satisfaction void.

Second, Florida contract principles govern the effect and enforceability of settlement agreements. *See Mergens v. Dreyfoos,* 166 F.3d 1114, 1117 (11th Cir. 1999). In Florida and elsewhere, the law favors the finality of settlements. *Pettinelli v. Danzig,* 722 F.2d 706, 710 (11th Cir. 1984); *DeWitt v. Miami Transit Co.,* 95 So.2d 898 (Fla. 1957). "In the absence of a showing

of fraud or undue influence [a settlement] is decisive of the rights of the parties thereto and operates as a bar to the reopening of the original controversy." *Mergens,* 166 F.3d at 1117 (quoting *MWS Wire Indust., Inc. v. California Fine Wire Co.,* 797 F.2d 799, 802 (9th Cir. 1986)).  Here, the Parties were free to negotiate a settlement for a sum greater than, lesser than, or equal to the amount of the final judgment and execution costs.  There is no evidence presented that the Settlement Agreement was the result of fraud or coercion.  Thus, there is no basis for the Court to conclude that the Settlement Agreement or subsequent satisfaction is void.[1]

## IV.   CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Amended Motion to Vacate Default, Set Aside Final Judgment, and Disgorge Execution Recovery, **ECF No. [26]**, is **DENIED**.

---

[1] Defendant also raises in its Reply that the Court should set aside the default judgment because Defendant has demonstrated excusable neglect.  The Court need not consider this argument.  *See Herring v. Secretary, Dep't of Corrections,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court."); *Lovett v. Ray,* 327 F.3d 1181, 1183 (11th Cir. 2003) ("Because he raises that argument for the first time in his reply brief, it is not properly before us."); *F.T.C. v. IAB Mktg. Associates, LP,* 972 F. Supp. 2d 1307, 1311 (S.D. Fla. 2013) ("[T]hese arguments are forfeited because they were raised for the first time in a reply brief."); *Foley v. Wells Fargo Bank, N.A.,* 849 F. Supp. 2d 1345, 1349 (S.D.Fla.2012) ( "Because it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered."); *Willis v. DHL Global Customer Solutions (USA), Inc.,* 2011 WL 4737909, at *3 (S.D. Fla. Oct.07, 2011) (collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally do not consider these arguments); *Park City Water Authority, Inc. v. North Fork Apartments,* L.P., 2009 WL 4898354, at *1 n. 2 (S.D. Ala. Dec.14, 2009) (citing cases from 2009 in over 40 districts in which courts acknowledged the rule that arguments raised for the first time in a reply brief are ordinarily not considered).  Even so, Defendant has failed to demonstrate "that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint."  *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Case No. 18-cv-81283-BLOOM/Reinhart

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 17, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record